IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 10-cv-01350-PAB

RICHARD BEAUPREZ,

    Plaintiff,

v.

PRINSBANK, CAPFINANCIAL CV2, LLC,

    Defendant.

---

**ORDER DENYING PETITION FOR TEMPORARY INJUNCTION AND PETITION FOR TEMPORARY RESTRAINING ORDER**

---

    This matter is before the Court on plaintiff's petition for temporary injunction [Docket No. 2] and petition for temporary restraining order [Docket No. 3]. Plaintiff, who is pro se, seeks an ex parte restraining order, requesting that the Court enjoin the foreclosure sale of his property. The Court's jurisdiction over this case is premised upon plaintiff's invocation of federal questions pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[1]

    As an initial matter, plaintiff has not complied with the Local Rules. Local Rule 7.1 prohibits consideration of "any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a

---

[1] Plaintiff's allegations are insufficient to determine whether this Court has diversity jurisdiction over this action as well.

certificate attached to the motion, the specific efforts to comply with this rule." Plaintiff has not certified compliance with Local Rule 7.1. Furthermore, Local Rule 65.1(A) imposes requirements, in addition to those found in Local Rule 7.1, on parties seeking a temporary restraining order and makes clear that "[e]xcept in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order." Local Rule 65.1(A)(2). Plaintiff has not certified or otherwise established that he has provided defendant actual notice of his motion or described what efforts he has taken to provide such notice.[2]

As for the requirements of Federal Rule of Civil Procedure 65, the Court may issue a preliminary injunction, pursuant to Rule 65(a), "only on notice to the adverse party." Fed. R. Civ. P. 65(a). A party seeking a preliminary injunction or temporary restraining order must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S. Ct. 365, 374 (2008)). The Tenth Circuit has made it clear that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir.

---

[2]Furthermore, plaintiff has not complied with Local Rule 65.1(C), which requires that a "properly completed temporary restraining order information sheet shall be given to the clerk at the time of filing of the motion for temporary restraining order." The information sheet can be found in Appendix I to the Local Rules.

2

2003)) (internal quotation marks omitted). Consequently, granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). The same considerations apply to the issuance of a temporary restraining order. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Here, plaintiff seeks a temporary restraining order, requesting that the Court issue an injunction "without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss or damage if the order is not granted before defendant can be heard as defendant has scheduled the above referenced sale for Wednesday, June 9, 2010." Docket No. 3 at 2.[3] Therefore, in addition to the prerequisites outlined above, plaintiff must also meet the requirements of Federal Rule of Civil Procedure 65(b), which provides that the

> court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Plaintiff has failed to plead facts sufficient to demonstrate that he is likely to succeed on the merits of his case. Nor do his filings provide "*specific facts* in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable

---

[3]If the sale occurred on June 9, 2010, the basis for plaintiff's request for a temporary restraining order would seem to no longer apply. The Court, however, takes notice of public records which indicate the scheduled date of sale of the Colorado property identified in one of plaintiff's filings is June 16, 2010.

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added).

Plaintiff contends that defendant seeks to wrongfully foreclose on plaintiff's home. His pleadings, however, contain virtually no specific factual allegations. Rather, plaintiff's filings contain a loosely organized collection of generalized allegations, legal statements and broad criticisms of the legal system and the financial industry. In short, plaintiff fails to provide a factual basis to support his entitlement to relief under any of the legal bases he cites.[4] While failure to coherently articulate a legal basis for requested relief does not in and of itself bar granting it, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), plaintiff still must allege, despite the leniency afforded a pro se party, sufficient facts to establish that he is properly entitled to relief. *See Hall*, 935 F.2d at 1110. Plaintiff's factual allegations simply fail to do this.

The lack of details in the factual allegations also prevents anything but the most general of analyses regarding the balance-of-equities and public-interest factors. All the Court can say at this point is that there are equities and a public interest behind both the halting of illegitimate foreclosures and the allowing of legitimate ones to proceed. Based on plaintiff's allegations, the Court cannot characterize the foreclosure or foreclosures at issue here, and therefore, cannot determine in whose favor these factors weigh.

---

[4]One of the only specific facts provided in plaintiff's Original Petition is the location of the Colorado property. *See* Docket No. 1 at 1. That petition, however, had another individual's name on the signature line. *See id.* at 22. Plaintiff crossed that name out and wrote in his own. *See id.* Then, in his Petition for Temporary Injunction, plaintiff alleges that the property at issue is located in Texas and identifies another individual as residing at that address. *See* Docket No. 2 at 1.

Therefore, it is

**ORDERED** that plaintiff's petition for temporary injunction [Docket No. 2] and petition for temporary restraining order [Docket No. 3] are DENIED.

DATED June 14, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge