IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01350–PAB–KMT

RICHARD BEAUPREZ,

    Plaintiff,

v.

PRINSBANK, CAPFINANCIAL CV2, LLC,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on a document filed by Plaintiff entitled "Default," which was docketed as "Motion for Default Judgment Under Rule 55(b)(1)(2)." (Doc. No. 13.) Plaintiff requests default judgment under Fed. R. Civ. P. 55. (*Id.*) He asserts that "all parties are well aware of the lawsuit" and "Prinsbank and Capfinancial CV2LLC have no intention of answering." (*Id.*)

When a defendant fails to "plead or otherwise defend," default must be entered by the clerk of the court. Fed. R. Civ. P. 55(a). Thereafter, the prevailing party may ask the Court to enter judgment. *See* Fed. R. Civ. P. 55(b)(2). Here, the Defendants did not fail to plead or otherwise defend against Plaintiff's action. On August 13, 2010, Defendants filed a motion to dismiss. (Doc. No. 8.) Nor has the clerk entered default. In fact, on August 15, 2010, the Clerk specifically declined Plaintiff's request for an entry of default because Defendants had filed the

motion to dismiss.  (Doc. No.11.)  Accordingly, Plaintiff's motion for default judgment should be denied.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's "Motion for Default Judgment Under Rule 55(b)(1)(2)" (Doc. No. 13) be DENIED.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of August, 2010.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge