IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01350–PAB–KMT

RICHARD BEAUPREZ,

    Plaintiff,

v.

PRINSBANK, CAPFINANCIAL CV2, LLC,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim; for Improper Service Pursuant to Fed. R. Civ. P. 12(b)(5), or, In the Alternative, for An Order Requiring Plaintiff to Serve Defendants within the Time Set by Fed. R. Civ. P. 4(m)." (Doc. No. 8.) Defendants move to dismiss pursuant to Rule 12(b)(6) arguing that Plaintiff's complaint fails to satisfy the pleading requirements of Rule 8 and pursuant to Rule 12(b)(5) for insufficient service of process on the grounds that Plaintiff has not formally served Defendants as required by Rule 4. Plaintiff did not respond.

## LEGAL STANDARD

*1.* **Pro Se** *Plaintiff*

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (declining to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Failure to State a Claim Upon Which Relief Can be Granted*

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935

F.2d at 1109 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citations omitted).

### 3. *Insufficient Service of Process*

A Rule 12(b)(5) motion challenges "the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004); *see also Gartin v. Par Pharm. Co., Inc.*, 289 F. App'x 688, 692 n.3 (5th Cir. 2008) (citing Wright & Miller). It is undisputed that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[T]he party on whose behalf service has been made has the burden of establishing its validity." Wright & Miller § 1353; *see also Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. A court may dismiss a complaint for ineffective service of process pursuant to Rule 12(b)(5) if the plaintiff fails to establish that he has properly effectuated service pursuant to Rule 4. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

## ANALYSIS

Defendants first argue that Plaintiff's complaint fails to state a claim upon which relief may be granted because it fails to meet the pleading requirements of Rule 8. (Mot. at 2-6.) Rule 8 requires a pleading that states a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and further mandates that "[e]ach allegation

4

[] be simple, concise and direct." Fed. R. Civ. P. 8(a) and (d). Defendants note that Plaintiff's complaint "appears to be copied from the internet[; i]t contains 20 pages of allegations that are not specifically directed to anyone [and] is the polar opposite of [the pleading required by Rules 8(a) and 8(d)]." (Mot. at 2.) Defendants complain that the complaint is unintelligible. They point to the headings for Breach of Fiduciary Duty, Negligence, and Common Law Fraud, and argue that Plaintiff has provided no legal or factual basis for why Defendants owed him any duty of care, how that duty was breached, or how Plaintiff was damaged nor has Plaintiff explained how Defendants allegedly defrauded him. (*Id.* at 6.)

This court agrees that Plaintiff's complaint is vague and ambiguous. The District Court has previously noted that Plaintiff's pleadings "contain virtually no specific factual allegations." (Doc. No. 4 at 4.) His filings "contain a loosely organized collection of generalized allegations, legal statements and broad criticisms of the legal system and financial industry. In short, [P]laintiff fails to provide a factual basis to support his entitlement to relief under any of the legal bases he cites." (*Id.*)

The complaint's purpose is "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (citations omitted). Plaintiff's generalized allegations and sweeping criticisms do not give Defendants notice of the claims against them. Moreover, even affording Plaintiff's complaint the lenient reading which his *pro se* status

5

requires, Plaintiff has not provided facts sufficient to suggest he is plausibly entitled to relief. *See Iqbal*, 129 S.Ct. at 1949. Accordingly, the court finds that the complaint should be dismissed for failure to state a claim. Because the court received no argument with which to evaluate the utility of allowing Plaintiff an opportunity to amend his complaint, the court recommends dismissal without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (noting that a dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile).

Defendants also argue for dismissal under 12(b)(5) for insufficient service of process, or, alternatively, ask the court to order Plaintiff to serve Defendants within the time set by Rule 4(m). Assuming that Plaintiff's complaint survives Defendants' motion for dismissal on 12(b)(6) grounds, the court nevertheless concludes that dismissal is appropriate because Plaintiff has not completed service as required by Rule 4.

Rule 4 provides, in pertinent part,

> if a defendant is not served within 120 days after the complaint is filed—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). A summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c). A corporation, partnership or association must be served by following state law for serving a summons or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(e)(1) and 4(h)(1). Under Colorado law, a corporation,

partnership or association must be served "by delivering [the summons] to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction . . . ." Colo. R. Civ. P. 4(e)(4).

Defendants argue that Plaintiff has never formally served Prinsbank or CapFinancial CV2, LLC in accordance with the requirements of Rule 4. According to affidavits by Roger Ahrenholz and Richard Beller, neither Defendant has waived service in this case. (Mot. Exs. 1 & 2.) Defendants are both entities organized in other states and without offices in Colorado. (*Id.* Ex. 2.) Although Plaintiff left a copy of his complaint with the receptionist at defense counsel's office, Defendants contend that counsel is not a registered agent for service of process. (*Id.* Ex. 1.)

Plaintiff filed his complaint on June 10, 2010. (Doc. No. 1.) When Defendants filed their motion on August 13, 2010, Plaintiff still had time to make service within the period established by Rule 4(m). Plaintiff did not respond to the motion and there is no evidence of service in the record.[1] However, in a document entitled "Answer to Defendant's Response to Plaintiff's Motion for Entry of Default Judgement Under Rule 55(b)(1)(2)," Plaintiff claimed that he believed that Defendants were properly served. (Doc. No. 24.) He attached a form from the Colorado Secretary of State indicating that the defense firm is the registered agent for CapFinancial Properties CV2, LLC. (*Id.* Ex. A.) Defendants acknowledge that the firm is a

---

[1] On July 21, 2010, Plaintiff sought an entry of default and purported to attach a return of service dated June 10, 2010 as Exhibit A to his request. (*See* Doc. No. 7.) No exhibit is attached.

registered agent for CapFinancial Properties, a distinct limited liability company that has not been named as a defendant in this lawsuit. (Mot. at 8.)

The time for service established by Rule 4(m) expired on October 8, 2010. Plaintiff has not established that he has properly effectuated service in accordance with Rule 4. Nor has he made any argument regarding good cause to extend the time for service. Accordingly, the complaint should be dismissed without prejudice for insufficient service of process.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim; for Improper Service Pursuant to Fed. R. Civ. P. 12(b)(5), or, In the Alternative, for An Order Requiring Plaintiff to Serve Defendants within the Time Set by Fed. R. Civ. P. 4(m)" (Doc. No. 8) be GRANTED and Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 1st day of November, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge