IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 10-cv-01350-PAB

RICHARD BEAUPREZ,

    Plaintiff,

v.

PRINSBANK, and
CAPFINANCIAL CV2, LLC,

    Defendants.

**ORDER**

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 32] filed on November 1, 2010. Magistrate Judge Kathleen M. Tafoya recommends that defendants' motion to dismiss [Docket No. 8] be granted and that plaintiff's complaint be dismissed without prejudice for failure to state a claim and for insufficient service of process.  The Recommendation advised the parties of their right to file objections to its findings within fourteen days after service of a copy of the Recommendation.  On November 15, 2010, plaintiff filed a motion for reconsideration [Docket Nos. 34, 35] which, though citing Federal Rule of Civil Procedure 59(e), poses objections to the Recommendation's findings.  The Court, therefore, construes plaintiff's motion as asserting timely objections pursuant to Federal Rule of Civil Procedure 72(b)(2) and will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3).

    Plaintiff's sole basis for objecting to the Recommendation is that he is a *pro se*

party.  While the Court must review plaintiff's claims liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  As the Court stated in the context of plaintiff's request for a temporary restraining order [Docket No. 4], the complaint fails to provide a factual basis to support his claims for relief.  While plaintiff points to his lack of understanding of the law, he does not explain why his *pro se* status prevents him from reciting the specific factual basis for his claims.  His *pro se* status does not excuse him from doing so.  *See Hall*, 935 F.2d at 1110.

Furthermore, the Recommendation also found that plaintiff failed to properly serve the defendants or to provide any argument for why he should be provided additional time to do so.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); *see also* Fed. R. Civ. P. 12(b)(5).  Plaintiff does not address this aspect of the Recommendation.  Plaintiff, despite his *pro se* status, must comply with the fundamental requirements of the Federal Rules of Civil Procedure, *see Hall*, 935 F.2d at 1110, but has failed to do so.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 32] is ACCEPTED.  It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 8] is GRANTED. Plaintiff's complaint is dismissed without prejudice.

DATED November 17, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge